UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAIL WENZEL,<br><br>                Plaintiff,<br><br>     v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>                Defendant. | Case No. EDCV 11-0338 JEM<br><br>MEMORANDUM OPINION AND ORDER RE ATTORNEYS' FEES |

## I. INTRODUCTION

On August 29, 2011, this Court reversed the decision of the Commissioner of Social Security denying benefits to Plaintiff Gail Wenzel ("Wenzel") and remanded the case to the Commissioner for further proceedings consistent with the terms of the Stipulation to Remand filed on August 22, 2011. Subsequently, the Commissioner determined that Wenzel was entitled to past due benefits in the amount of approximately $102,598.54 ($50,822.54 in past-due supplemental security income benefits and $51,776.00 in past-due disability insurance benefits).

Now before the Court is the motion of Plaintiff's counsel Bill LaTour for attorney's fees permitted under the Social Security Act, 42 U.S.C. § 406(b). Pursuant to the parties' stipulation and an order of this Court, Plaintiff's counsel previously received $2,500 in fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), paid by the government. Section 406(b), however, permits an award of fees to counsel from the benefits

received by Plaintiff. In accordance with a 25% contingent fee agreement signed by Wenzel, counsel seeks an order awarding him $25,649.64 and requiring him to refund to Plaintiff $2,500.00, the amount of EAJA fees previously awarded.

The Court DENIES the amount requested ($25,649.64) as unreasonable because the benefits awarded Plaintiff are large in comparison to the time spent on the case by counsel, and would result in a windfall. Accordingly, the Court has made a downward adjustment of the fees. The Court GRANTS fees to Plaintiff's counsel in the amount of $ 18,000.

## II. APPLICABLE LAW

42 U.S.C. § 406(b)(1) provides as follows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

In Gisbrecht v. Barnhart, 535 U.S. 789 (2002), the United States Supreme Court gave this guidance in determining the reasonableness of § 406(b) fees:

> [Section] 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield <u>reasonable results</u> in particular cases. Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits . . . . Within the 25 percent boundary, . . . . the attorney for the successful claimant must show that the fee sought is <u>reasonable for the services rendered</u>.

Id. at 807 (footnotes omitted) (emphasis added).

The Ninth Circuit in Crawford v. Astrue, 586 F.3d 1142 (9th Cir. 2009), applying Gisbrecht, instructed that district courts must look to the fee agreement and test it for reasonableness by examining whether the amount needs to be reduced. Id. at 1149. District courts "may properly reduce the fee for substandard performance, delay, or benefits that are not in proportion to the time spent on the case." Id. at 1151 (citing Gisbrecht, 535 U.S. at 808). Lodestar computations are considered as an aid in assessing the reasonableness of the fee. Id. at 535 U.S. at 808.

### III.  DISCUSSION

Wenzel signed a standard 25% contingent fee agreement with Bill LaTour, the maximum allowed by § 406(b). There is no basis for finding any fraud or overreaching in the making of the agreement.

The fee amount requested is $25,649.64, which is 25% of Plaintiff's past due benefits of $102,598.54. Counsel indicates that his office expended 14.1 hours in attorney time and 4 hours of paralegal time on the case. Counsel indicates that the combined de facto hourly rate for all time is $1,417 per hour if fees are awarded in the amount requested. Because this rate was unusually high, higher than any rate the Court has seen by a considerable margin at least in this Circuit, the Court requested further justification of the fee request from Plaintiff's counsel.

Plaintiff's counsel stresses the primacy of the fee agreement and the fact that neither the Plaintiff nor the Commissioner has objected to his fee request. The Court, moreover, does not contend that counsel's performance was substandard or dilatory. Quite to the contrary, counsel's performance was excellent, achieving a substantial result. The Court recognizes counsel's credentials, expertise and experience. The Court, however, has an independent duty under Section 406(b) to ensure that a contingency fee is reasonable. Section 406(b); Gisbrecht, 535 U.S. at 807; see also Ellick v. Barnhart, 445 F. Supp. 2d 1166, 1167-68 (C.D. Cal. 2006).

Plaintiff's counsel concedes that the Court may consider the lodestar calculation as an aid in assessing the reasonableness of the fee. Counsel's Supplemental Brief, 3:18-20; Crawford, 586 F.3d at 1151 (citing Gisbrecht, 535 U.S. at 808); see also Ellick, 445 F. Supp. 2d at 1172 (most courts draw on a traditional lodestar analysis in evaluating whether a full contingent percentage recovery would amount to a windfall within the meaning of Gisbrecht). In this case, the lodestar calculation yields a total fee of $2,988.35. This consists of 14.1 hours of attorney time at $175 per hour which equals $2,468.35, two hours of paralegal time at $125 an hour totaling $250 and two hours of paralegal time at $135 per hour totaling $270. The combined hourly rate for all 18.1 hours is $165 per hour. The de facto hourly rate of $1,417.00 per hour represents a multiplier of 8.59. Put another way, a 25% contingent fee of $25,649 is a recovery of more than 8 times the lodestar figure of $2,988.35.

Counsel, of course, is entitled to more than the lodestar to reflect the contingent nature of the case and the quality of the results achieved, and should not be penalized for achieving a result in an especially efficient manner as was the case here. For these reasons, this Court routinely has awarded fees in the same range as approved in Crawford, 586 F.3d at 1145-46, 1152 (approving contingent fees that resulted in effective hourly rates of $875, $519 and $813). Some cases have gone somewhat higher but none even close to $1,417 (except for one, discussed below, that is not helpful to counsel). Thus, what caught the Court's attention here was counsel's statement that "Gauging the fees against awards in other cases in the aggregate, the fee sought falls within the range of reasonable." Memo. of Points and Authorities In Support of Motion for Attorney's Fees, 4:22-23. There is a significant difference between higher end rates of $800-$900 per hour and $1,400 per hour, but counsel offered no explanation, basis or justification for such a large difference. Accordingly, the Court required counsel to demonstrate why a $500-600 per hour difference was reasonable.

Counsel has not afforded any persuasive justification for the difference. Counsel does not cite any cases where the de facto hourly rate was in the $1,400 range. Counsel cites

Ellick for its 2.5 multiplier but Ellick rejected a requested multiplier of 4.4, 945 F. Supp. 2d at 1172, and here the requested multiplier is 8.59. Ellick's survey of cases indicates multipliers of 2 to 2.5 were common and in a few instances multipliers of 5.4 to 6.55 for exceptional results or where counsel argued novel, case-specific risky positions. Id. at 1173. None, however, approved fees with a multiplier in the range sought here.

Ellick, moreover, not only compared cases on the basis of regular hourly rates and de facto hourly rates to determine the multipliers permitted, but also whether the cases awarded, or counsel requested, the full 25% contingency contract rate or something less. For example, the only case cited in Ellick awarding a de facto hourly rate of $1,400 involved a request for only 11% of past due benefits. Claypool v. Barnhart, 249 F. Supp. 2d 829, 830 (S.D.W. Va. 2003). Counsel in Claypool intentionally sought less than 25% to avoid the appearance of a windfall. Id. Similarly, in Crawford, 586 F.3d at 1145-46, the de facto rates of $875, $519 and $813 that were awarded involved recoveries of 17%, 15% and 14% of the respective recoveries in those cases. Again, counsel in those cases sought less than the full 25% contract rate. This Court, moreover, twice has exceeded the rates in Crawford somewhat and in both instances counsel sought less than the 25% rate. Ferro v. Colvin, 11-02073 (July 11, 2013) (rate of $1,153.84 but only 6% of benefits); Bowman v. Astrue, 10-4200 (June 1, 2012) (rate of $930 but only 15% of benefits). Taking less than the full 25% recovery obviously makes the high de facto hourly rates more reasonable.

Two out of Circuit District Court cases cited by Ellick awarded a full 25% contingency fee that resulted in de facto rates of $982 and $830 and multipliers of 5.54 and 6.55. 445 F. Supp. 201 at 1173. These two cases, both of which justified the rates based on exceptional performances, cited cases like Claypool for its high rates without even acknowledging or taking into account that a recovery of less than 25% of benefits was sought and occurred in the case. The Court gives these cases less weight because of their failure to do so. The Court believes it should rely most heavily on 9th Circuit precedent like Crawford for the proper comparisons of de facto hourly rates, multipliers and percentage of benefits.

1  The Court believes that counsel produced an excellent result here and is entitled to
2 receive an award reflecting that result. The full contingency fee award of 25% produces a <u>de</u>
3 <u>facto</u> hourly rate of $1,417 which is a multiplier of 8.59 times counsel's normal hourly billing
4 rate. Counsel did not choose to seek less than 25%. Yet no case has made an award such
5 as that requested here, not even cases recognizing exceptional performance. Counsel is not
6 seeking a marginal increase over the fees previously awarded in other cases but an award
7 so significantly greater than it simply cannot be justified. Here, the result was excellent but
8 there is no assertion made that the case involved difficult legal issues with risky outcomes.
9 While counsel should not be penalized for an efficient performance, neither does it entitle
10 him to a windfall.

11  Accordingly, the Court has decided to reduce counsel's fee award from $25,649.64 to
12 $18,000. The latter amount results in a <u>de facto</u> hourly rate of $1,000 per hour which is
13 consistent with the highest rates awarded by courts. This is a reduction from the 25% rate of
14 30% and consistent with the extent to which counsel's request exceeds the highest rates
15 awarded by courts. The $1,000 per hour rate constitutes a multiplier of 6.06 over counsel's
16 normal hourly rate, consistent with cases that reward excellent results. It also constitutes
17 17.54% of Plaintiff's benefits, consistent with the trio of cases in <u>Crawford</u>. The amount
18 being awarded, then, results in a high <u>de facto</u> hourly rate and high multiplier over normal
19 rates to reflect the contingent nature of the case and the excellent results, but bounded by
20 results in other cases to avoid a windfall.

### IV.  DISPOSITION

22  Plaintiff's counsel's fee request for $25,649.64 is DENIED. The Court, however,
23 GRANTS fees to Plaintiff's counsel in the amount of $18,000 pursuant to § 406(b). Plaintiff's
24 counsel is also ORDERED to reimburse Plaintiff the amount of $2,500.00 for EAJA fees
25 previously paid by the Commissioner.

26 DATED: August 1, 2014          <u>/s/ John E. McDermott</u>
                                                JOHN E. MCDERMOTT
27                                         UNITED STATES MAGISTRATE JUDGE

28